IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TEWON J ANTHONY MOABEL**                                                   PLAINTIFF

v.                             CASE NO. 3:20-CV-00028-BSM

**POINSETT COUNTY,** *et al.*                                                DEFENDANTS

## ORDER

For the reasons stated below, Moabel's complaints [Doc. Nos. 2, 3, 7] are dismissed without prejudice.

Moabel first brought suit under 42 U.S.C. section 1983 alleging that various people offered perjured testimony at a state bond hearing. Doc. No. 2 at 2. He challenged both the veracity of the State's witnesses and the decision making of the state court judges involved with his case. *Id.* A public records search reveals that Moabel was charged by criminal information in Poinsett County Arkansas in May 2019 with second degree domestic battering after causing serious physical injury to a household member less than four years old. *See State v. Anthony*, 56CR-19-225 (Poinsett County Circuit Court) (Criminal Information). That charge, however, was nolle prossed in February 2020. *Id.* (Sentencing Order).

In his initial complaint, Moabel further challenged the constitutionality of the state criminal statute under which he was charged, alleging that his right to "course correct" his children is a protected religious interest. Doc. No. 2 at 3. Moabel also argued that, in the course of his detention, a number of conditions-of-confinement claims arose including that he was starved. *Id.* at 2. In his second amended complaint [Doc. No. 7], Moabel changes

course completely by arguing that he was coerced into entering into a home mortgage he could not afford and without a full understanding the terms. *Id.* at 4. Moabel seeks $4.3 million in damages, declaratory and injunctive relief, and acquittal.

Moabel's pleadings must be screened. Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. section 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious, that fail to state a claim for relief, or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). While Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain enough facts to state a claim to relief that is plausible on its fact, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* plaintiff's allegations are construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Beginning with Moabel's allegations of trial error in Poinsett County raised in his initial complaint, to state a claim for relief under section 1983 Moabel must allege that a person acting under the color of state law deprived him of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40,

49-50 (1999). Moabel has not met this burden because he has not identified the job title or place of employment of most of the defendants. As a result, it is unknown whether they are government actors governed by section 1983. And, outside of the case caption, Moabel fails to name the City of Truman, Val Price, Kevin Watts, or Becky Hitt in any allegation. As a result, those defendants are dismissed without prejudice.

Moabel has failed to demonstrate that a constitutional right was violated at the bond hearing. Whether the witnesses were truthful on the stand is an issue for trier of fact, not this Court. Moabel's claims against Judges Hunter and Halsey are dismissed because they are entitled to absolute immunity from suit for actions they took in their judicial roles. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Moabel's remaining claims challenging the conditions of confinement during his detainment, questioning whether Arkansas criminal code governing domestic violence violates his religious freedoms, and his allegations surrounding the legality of his mortgage are dismissed as misjoined. Defendants may be sued together in one lawsuit if the claims arise from the same transaction, occurrence, or series of transactions and any question of law or fact common to all the defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). When defendants are not properly joined under Rule 20 of the Federal Rules of Civil Procedure, the Court may drop the improperly joined party pursuant to Rule 21 if doing so will not prejudice a substantial right, that is, if dropping the party would not "result in the loss of otherwise timely claims." *Strandlund v. Hawley*, 532 F.3d 741, 745-46 (8th Cir. 2008); *see also* Fed.

3

R. Civ. P. 21. There is no question that Moabel's remaining claims are completely unrelated to his initial claims surrounding his state bond hearing. For all these reasons, Moabel's complaints will be dismissed without prejudice.

    IT IS SO ORDERED this 2nd day of September, 2022.

                                                        /s/ Brian S. Miller
                                                UNITED STATES DISTRICT JUDGE